IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE CALHOUN, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL RAILROAD PASSENGER ) <br> CORPORATION (AMTRAK) and UNITED ) <br> TRANSPORATION UNION, ) <br> ) <br> Defendants. ) | Civil Action No. 10-1324 |

## MEMORANDUM ORDER

For the reasons that follow, *pro se* Plaintiff Diane Calhoun's Complaint will be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Plaintiff initiated the present litigation against Defendants, her former employer, Amtrak, and former union, United Transportation Union by filing her Complaint against them, *pro se*, on October 8, 2010. (Docket No. 1). Plaintiff has set forth three claims against Defendants in her Complaint: (1) alleged violation of the Railway Labor Act, 45 U.S.C. § 151, et. seq., whereby she seeks review of the arbitration board's denial of her claim for reinstatement; (2) alleged violation of the breach of duty of fair representation to her during the arbitration proceedings; and (3) alleged violation of Title VII of the Civil Rights Act of 1964, i.e., unlawful gender discrimination. (*Id*.). Plaintiff did not file proof of service of her Complaint on the Defendants with the Court within 120 days as is required under Rule 4(m) of the Federal Rules of Civil Procedure. As such, on February 8, 2011, the Court issued an Order directing Plaintiff to show good cause why service was not made within the deadline by February 22, 2011. (Docket No. 3). The Court advised

1

Plaintiff that failure to do so would result in dismissal of her case, without prejudice. (*Id*.). In response, on February 22, 2011, Plaintiff filed return of service forms indicating that service was made on both Defendants via certified mail. (Docket Nos. 4, 5).

Both Defendants responded to the Complaint by filing motions to dismiss and briefs in support on March 10, 2011. (Docket Nos. 13, 14, 16, 17). The Court entered its standard Motions Practice Order which required Plaintiff to respond to said motions within 21 days. (Docket No. 19). Subsequently, Plaintiff wrote a letter to the Court dated March 31, 2011, requesting that the Court grant her an extension of time to file her response to the Defendants' motions to dismiss. (Docket No. 20). The Court granted her request and ordered that Plaintiff shall file her responses to the motions to dismiss by **May 11, 2011**. (Docket No. 21). The Court further advised Plaintiff that failure to do so "may result in the imposition of sanctions or dismissal of this action for failure to prosecute." (*Id*. at 1-2).

Plaintiff failed to submit any responses to the motions to dismiss by that deadline. Accordingly, the Court issued a Show Cause Order on May 13, 2011, directing Plaintiff to show good cause why this case should not be dismissed for her failure to file responses to the motions to dismiss by the May 11, 2011 deadline. (Docket No. 23). In said Order, the Court directed Plaintiff to file a response by May 23, 2011. (*Id*.). To date, Plaintiff has yet to file any response to the motions to dismiss within the time period ordered by the Court or to file any response to the Court's Show Cause Order.[1] Thus, she has failed to comply with these Court Orders. Nor has she sought an enlargement of time to file said response.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes this Court to dismiss a

---

[1] The Court notes that it has also given Plaintiff the benefit of the so-called "mail rule" by waiting three days before acting upon her failure to respond to the Show Cause Order. *See* Fed.R.Civ.P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)").

plaintiff's case for failure to prosecute. *See* Fed.R.Civ.P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). This Court may *sua sponte* dismiss a case under Rule 41, but must "use caution in doing so." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). In determining whether dismissal is warranted, this Court must consider the following factors: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984). The Court need not find each and every factor in order to justify dismissal. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). When a district court has doubt, the decision of whether to dismiss "'should be resolved in favor of reaching a decision on the merits'" and alternative sanctions should be used. *Roman v. City of Reading*, 121 Fed. Appx. 955, 958 (3d Cir. 2005) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984)). The *Poulis* factors, however, do not provide a "magic formula whereby the decision to dismiss or not to dismiss becomes a mechanical calculation easily reviewed by" the Court of Appeals. *Durah v. Rustin*, 05-1709, 2005 WL 2924788 (W.D.Pa. Oct. 10, 2006) (quoting *Mindik v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). In this Court's estimation, after applying the *Poulis* factors in the manner described below, dismissal of this case is appropriate due to Plaintiff's failure to comply with this Court's Orders and to otherwise prosecute this case.

    1. *The extent of a party's personal responsibility*

    As noted, Plaintiff is representing herself *pro se*. Therefore, she is personally responsible for prosecuting her case and for adhering to this Court's Orders. *See Briscoe*, 538 F.3d at 258 ("a

pro se plaintiff is responsible for his failure to … comply with a court's orders."). She has failed to do so and this factor weighs in favor of dismissal.

*2. Prejudice to the adversary*

There is little or no evidence of prejudice to the Defendants. Certainly they have been forced to defend this action. In addition, they have each filed motions to dismiss Plaintiff's Complaint and the case has yet to move beyond this initial round of motions into discovery. (Docket Nos. 13, 14, 16, 17). However, Defendants have not been required to undertake costly additional litigation activities as a result of Plaintiff's failure to respond to their motions nor alleged that they have lost any significant evidence necessary to defend her claims. *See Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (holding that prejudice equates to "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."). Accordingly, this factor is neutral.

*3. A history of dilatoriness*

There has been a pattern of dilatoriness by Plaintiff in this case; she has missed several deadlines and taken little action beyond filing her complaint over six months ago. Initially, she failed to serve her Complaint on Defendants within 120 days as required under Rule 4(m). *See* Fed.R.Civ.P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Plaintiff later served the Complaint after this time period had expired but set forth no explanation regarding why she failed to meet the deadline in response to the Court's Show Cause Order. Thus, beyond the fact that she is representing herself *pro se* and appears to lack any legal training, she has set

forth no basis for a finding of "good cause" for her failure to effectuate service in a timely manner. *Id*. ("But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

After service was made, Defendants filed motions to dismiss Plaintiff's Complaint. (Docket Nos. 13, 14, 16, 17). Plaintiff timely sought an extension of time within which to respond, which was granted by the Court. (Docket Nos. 20, 21). The Court ordered that Plaintiff file her responses by May 11, 2011 and advised her that failure to do so may result in dismissal. (Docket No. 21). No responses have been filed by Plaintiff. Nor did Plaintiff seek another enlargement. As a consequence, the Court issued a Show Cause Order thereby extending Plaintiff the opportunity to explain or justify her untimeliness to the Court by May 23, 2011. (Docket No. 23). Again, Plaintiff has not responded to the Court's Order.

In *Poulis*, the United States Court of Appeals held that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history … of ignoring these time limits is intolerable." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

Plaintiff's repeated failure to meet deadlines established by the Federal Rules of Civil Procedure and by this Court demonstrates a history of dilatoriness. This factor weighs in favor of dismissal.

*4. Whether the party's conduct was willful or in bad faith*

Plaintiff has not responded to the Court's Show Cause Order nor provided any explanation for her failure to file responses to Defendants' motions to dismiss. Thus, there is little evidence of record showing willful conduct or bad faith in this case which would warrant dismissal. *See*

*Briscoe*, 538 F.3d at 262 ("wilfullness involves intentional or self-serving behavior"). Plaintiff initially sought an extension of time to submit her responses in order to enable her to find counsel to assist her with her case. (Docket No. 20). She has since failed to respond to the Court's Orders or to communicate with the Court in any fashion. *See N'Jai v. Floyd*, Civ. A. No. 07-1506, 2009 WL 1531594, at *19 (W.D.Pa. May 29, 2009) ("tardiness, which is not excused by inability, is not necessarily willful."). However, there is also no evidence that the missed deadlines were the product of "excusable neglect," mere inadvertence or some other satisfactory reason. *Poulis*, 747 F.2d at 869. Plaintiff was given multiple opportunities to provide the Court with some explanation, but she has ignored the Court's directives. Thus, because there is no record of Plaintiff's reasons for her untimely responses, and the Court cannot evaluate same, this factor is neutral in the Court's analysis.

5. *Alternative sanctions*

There are no alternative sanctions available to the Court which would appropriately remedy Plaintiff's failure to respond to the Court's Orders. *See Whitney v. Barkley*, Civ. A. No. 10-1705, 2011 WL 1230351, at *2 (W.D.Pa. Feb. 9, 2011) ("Plaintiff is proceeding *pro se* and has not responded to the Court's order, and it is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply."). Plaintiff has been advised on three occasions that her failure to comply with the Court's Orders may result in the dismissal of her case but has not responded to same. (Docket Nos. 3, 21, 23). Accordingly, dismissal is the only appropriate sanction.

6. *Meritoriousness of Plaintiff's claims*

As to the meritoriousness of Plaintiff's claims, Defendants' motions to dismiss are persuasive to this Court and dismissal under Rule 12(b)(6) is appropriate, regardless of Plaintiff's

failure to respond to Defendants' motions. (*See* Docket Nos. 13, 14, 16, 17).

First, Plaintiff's Railway Labor Act claim seeking review of the arbitration board's decision to deny her claim for reinstatement was filed outside the applicable limitations period because although she filed her claim within two years in this Court, she failed to serve the Defendants within 120 days as required under Rule 4(m) and did not attempt to demonstrate "good cause" to the Court for her failure to timely effectuate service. *See* 45 U.S.C. § 153, First (r) (two-year statute of limitations); Fed.R.Civ.P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Thus, her claim is subject to dismissal under Rule 4(m) and any later amendment would not relate back to the filing of the initial complaint for statute of limitations purposes. *See Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 529 (M.D. Pa. 2010).

Even if Plaintiff's Complaint was not procedurally defective, the Court agrees that it fails to state a claim upon which relief may be granted under Rule 12(b)(6), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, ⎯⎯ U.S. ⎯⎯, ⎯⎯, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) and Third Circuit precedent interpreting same. This Court's review of an arbitration board's decision is very narrow. *See Zuraski v. SEPTA*, Civ. A. No. 08-5040, 2010 WL 1946922, at *6 (E.D.Pa. May 10, 2010) (quoting 45 U.S.C. § 153, First (q)) ("A district court may set aside or remand an order only for: (1) "failure of the division to comply with the requirements of this chapter"; (2) "failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction"; or (3) "fraud or corruption by a member of the division making the order."). In her Complaint, Plaintiff admits that her termination was the

7

result of her being arrested for resisting arrest and assaulting her former boyfriend,[2] while both were "off-duty on a layover at a hotel with other employees of Defendant Amtrak." (Docket No. 1 at ¶¶ 18-22). She attempts to challenge the nature of the investigation conducted by Amtrak, the sufficiency of the evidence presented to the board and, ultimately, its decision to deny her reinstatement. (*Id*. at ¶¶ 23-43). In essence, Plaintiff seeks to retry her arbitration case in this Court; therefore, she has failed to state a plausible claim for relief under the RLA. *See Zuraski*, 2010 WL 1946922, at *7 (plaintiff "is merely attempting to retry his case by arguing that the weight of the evidence was in his favor and that the arbitration board's decision against him was in error. Such arguments do not provide a basis for relief under the RLA.").

Second, Plaintiff's duty of fair representation claims are clearly time-barred under the six-month statute of limitations for such claims. *Miklavic v. USAir Inc.*, 21 F.3d 551, 556 (3d Cir. 1994) ("Under the Railway Labor Act, the applicable limitations period for a DFR claim against a union is six months."). Hence, as these claims are time-barred, they are subject to dismissal under Rule 12(b)(6). *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) ("the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations.'").

Third, there is no allegation that Plaintiff filed any action with the EEOC prior to initiating the present suit; thus, Plaintiff has not exhausted her administrative remedies as required under Title VII. *See Wormack v. Shinseki*, 2010 WL 2650430, at *7 (W.D.Pa. Jul. 1, 2010) (citing 42 U.S.C. §§ 2000e-5 (b), (f) (2000); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct.

---

[2] The Court notes that the record shows that Plaintiff's former boyfriend was Warren Robb, who appeared before this Court as a criminal defendant in Criminal No. 09-173. (See Crim. No. 09-173). He pled guilty to one count of making false statements to a government agency in violation of 18 U.S.C. § 1001(a)(2) and was sentenced to five (5) years' probation by this Court on June 17, 2010. (*Id*. at Docket No. 36).

1011, 39 L.Ed.2d 147 (1974); *Antol v. Perry*, 82 F.3d 1291, 1295-96 (3d Cir.1996) ("A plaintiff must exhaust the administrative remedies available under Title VII (i.e. present the claim to the United States Equal Employment Opportunity Commission) before bringing a Title VII suit in federal court."). Moreover, all of the discriminatory acts alleged by Plaintiff occurred in 1997 and 1999; thus, any employment discrimination claims arising from these incidents are clearly time-barred. *See Mikula v. Allegheny County.*, 583 F.3d 181, 185 (3d Cir. 2009) ("Under Title VII, a claimant in Pennsylvania must file a discrimination charge with the EEOC within 300 days of an unlawful employment practice."). Accordingly, her employment discrimination claims must be dismissed under Rule 12(b)(6) as well.

To conclude, balancing all of the factors under *Poulis* weighs in favor of the dismissal of Plaintiff's Complaint. Accordingly, IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED, with prejudice.

IT IS FURTHER ORDERED that the Defendants' Motions to Dismiss are DENIED, as moot.

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: May 27, 2011

cc/ecf: All counsel of record

    Diane Calhoun
    102 Old Gate Road
    Trafford, PA 15085
    (Regular & Certified Mail)